# *THE LITVAK LAW FIRM, PLLC*

## IGOR B. LITVAK, ESQ.
### ATTORNEY AND COUNSELOR AT LAW
1733 SHEEPSHEAD BAY ROAD, SUITE 22,
BROOKLYN, NY 11235
718-989-2908
IGOR@LITVAKLAWNY.COM
WWW.NYCCRIMELAWYER.COM

September 25th, 2020

<u>Via ECF:</u>

Hon. J. Paul Oetken
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

<u>Re: United States v. Jevgeni Bokov, 18 Cr. 678-01 (JPO)</u>

Dear Judge Oetken,

I represent Mr. Jevgeni Bokov in the above-referenced case. Mr. Bokov was arrested in Estonia on September 4th, 2018, after the Government requested his extradition to the United States. Mr. Bokov pled guilty to Money Laundering charges for violation of 18 U.S.C. 1956(a)(2) and sentenced by your Honorable Court on July 9, 2020, to "33 months on counts 4 and 5 to run concurrently." <u>See</u> Exhibit 1. At the sentencing, Your Honor stated that Mr. Bokov will be credited the eight months spent in Estonia prison after his arrest at the request of the United States, and prior to his extradition to the United States.

I have been informed by the Government that the BOP Designation and Sentence Computation Center (DSCC) is currently not crediting Mr. Bokov for time served in Estonia, based on a perceived ambiguity in the Court's intent. <u>See</u> Exhibit 2. As it is evident from the document, the BOP credited Mr. Bokov's jail time not from September 4th, 2018, the date of his arrest in Estonia, but from May 9, 2019, the date of his extradition to the United States. I strongly disagree with the BOP's interpretation of the sentence's starting point since Your Honor specifically stated the sentence is to run from the date of Mr. Bokov's arrest in Estonia. This BOP mistake is especially egregious since Mr. Bokov's conditions of confinement in Estonia

were appalling, he spent most of the eight months in solitary confinement, and therefore, not giving him credit for that time would be highly unfair to him.

Moreover, under 18 U.S.C. § 4105(b), an offender serving a sentence of imprisonment in a foreign country transferred to the custody of the Attorney General "shall be given credit toward service of the sentence for any days, prior to the date of commencement of the sentence, spent in custody in connection with the offense or acts for which the sentence was imposed."

Therefore, I respectfully request that Your Honor So-Order a clarification that the Court intended the sentence to run from the date of Mr. Bokov's arrest in Estonia, September 4th, 2018. The Government consents to this request and agrees with the defense Counsel's interpretation of Your Honor's Sentencing Order.

Thank you for your attention to this matter.

Sincerely,

__/s/ Litvak_____
Igor Litvak, Esq.

> Granted:
> The Court hereby clarifies that this Court's decision to sentence defendant Bokov to a term of 33 months' imprisonment was based on the assumption and intent that the defendant would receive full credit for the time that he was detained in Estonia -- that is, from September 4, 2018, and he should receive such credited time.
> The Bureau of Prisons is hereby directed to calculate the defendant's term of imprisonment beginning from the time of his arrest on September 4, 2018.
> So ordered:
> October 15, 2020

J. PAUL OETKEN
United States District Judge